UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO JAVIER LOPEZ,<br><br>Petitioner,<br><br>v.<br><br>BRIAN MARTIN, et al.,<br><br>Respondent. | Case No. 20-cv-04430-JST<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Petitioner has filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition (ECF No. 1) is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner's request for leave to proceed *in forma pauperis* is granted. ECF No 2.

## BACKGROUND

According to the petition, on May 11, 2020, petitioner's probation was revoked for a violation of Cal. Health & Safety Code § 11379(a), pursuant to a plea of nolo contendere. ECF No. 1 at 1-2, 5. He was sentenced to an additional year for having a prior prison term, as well to an additional eight months to run consecutive to his sentence for violating Cal. Penal Code § 1320(a). ECF No. 1 at 5. Petitioner does not specify the overall length of his sentence. Petitioner did not appeal his sentence or conviction. ECF No. 1 at 2-3.

## DISCUSSION

**A. Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.      Petitioner's Claims**

Liberally construed, the petition argues that petitioner is entitled to federal habeas relief because (1) the trial court improperly added a one year term to his probation revocation term for his prior prison term; (2) his sentence for Cal. Penal Code § 1320(a) should run concurrent, and not consecutive, to his sentence; (3) he would like his sentence modified under 18 U.S.C. § 3582 to home detention because of COVID-19; and (5) his sentence violates the Eighth Amendment because the maximum sentence for a violation of Cal. Health & Safety Code § 11379(a) is three years.  ECF No. 1 at 5-6.

**C.      Failure to Exhaust**

Prisoners in state custody who wish to challenge collaterally in federal habeas corpus proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  *See* 28 U.S.C. § 2254(b)-(c).  Petitioner has not done so.  He has not presented the Supreme Court of California with an opportunity to consider and rule on his claims.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (state's highest court must be given opportunity to rule on claims even if review is discretionary); *Larche v. Simons*, 53 F.3d 1068, 1071-72 (9th Cir. 1995) (Supreme Court of California must be given at least one opportunity to review state prisoners' federal claims).  The petition for a writ of habeas corpus therefore is DISMISSED without prejudice to filing a new petition after state judicial remedies are exhausted.

/ / /

/ / /

/ / /

/ / /

**CONCLUSION**

For the foregoing reasons, the Court DISMISSES this petition for a writ of habeas corpus without prejudice to filing a new petition after state judicial remedies are exhausted.

**IT IS SO ORDERED.**

Dated: August 10, 2020



_____
JON S. TIGAR
United States District Judge